UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60310-CIV-COHN/SELTZER

FRANCISCO ALVAREZ,

    Plaintiff,

vs.

SCHOOL BOARD OF BROWARD COUNTY,
FLORIDA,

    Defendant.
_____/

### ORDER ON PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

**THIS CAUSE** has come before the Court upon Plaintiff's Motion to Compel and For Sanctions and Second Motion to Extend Discovery Deadline [DE 24]. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, all discovery motions and related requests for sanctions have been referred to the undersigned for disposition. [DE 5]. However, motions which request a continuance or extension of the pretrial deadlines are not referred. This Order, therefore, does not address Plaintiff's Second Motion to Extend Discovery Deadline and is, instead, limited to the Motion to Compel and for Sanctions.

Plaintiff seeks an order compelling Defendant to produce (an) additional corporate representative(s) for deposition; Defendant objects because Plaintiff has already deposed two corporate representatives for nearly seven hours. Defendant argues that Plaintiff has reached the maximum seven-hour time limitation contained in Fed. R. Civ. P. 30(d)(1).

Rule 30(d)(1) addresses the duration of depositions:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent, another person, or any other circumstance impedes or delays the examination.

Fed. R. Civ. P. 30(d)(1). A 30(b)(6) deposition is "counted as a single deposition, regardless of the number of witnesses designated" and is "subject to its own independent seven-hour limit." Sabre v. First Dominion Capital, L.L.C., 2001 WL 1590544 (S.D.N.Y. Dec. 10, 2001). In addition, Rule 26(b)(1), Fed. R. Civ. P., addresses the proportionality requirement of discovery:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

On July 22, 2016, Plaintiff noticed a corporate representative deposition of the Defendant and identified 32 subjects of inquiry. [DE 20-1]. The deposition took place on August 9, 2016 and Defendant presented 3 different individuals as corporate representatives. Plaintiff spent 6.75 hours deposing two of the corporate representatives; the third was never reached due to the lateness of the hour and the 7-hour presumptive time limitation.

Plaintiff contends that he needs more time to depose the corporate representatives,

2

and bases his need on the fact that Defendant did not designate the witnesses and their subject matters "in writing" before the depositions took place. The rules do not contain any requirement that corporate representatives be designated in writing prior to the depositions. That information could be obtained in two or three questions at the start of the deposition, assuming it had not been previously provided.[1]

Plaintiff has not presented any substantive reason why he could not complete all areas of inquiry within the time limits imposed by the Rules of Civil Procedure. Plaintiff has not presented any circumstances that the depositions were impeded or delayed by Defendant. Nor has he established that taking additional deposition testimony beyond the 7-hour limit is proportional to the needs of this case as required by Rule 26(b)(1), Fed. R. Civ. P. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel and for Sanctions [DE 22] be and the same is **DENIED.** The Plaintiff's Second Motion to Extend Discovery Deadline and Dispositive Motion Deadline [DE 22] is retained by the District Court for ruling.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 16th day of August, 2016.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF

---

[1] The Court presumes that each witness was introduced at the deposition by Defendant as being prepared to testify as to certain subjects. Plaintiff does not allege otherwise and, in any event, a corporate representative's area of inquiry can easily be established by questioning.